# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO. _____

| | |
|---|---|
| **THOMAS HEINRICH, individually and on behalf of the FEDERAL TRADE COMMISSION, the CONSUMER FINANCIAL PROTECTION BUREAU and the ATTORNEY GENERAL OF THE STATE OF FLORIDA,** | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **CAPITAL ONE BANK; EXPERIAN; TRANS UNION; CREDIT KARMA; DOES in an as yet to be determined number whose identities and capacity will be entered by amendment when ascertained** | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Capital One, N.A. (incorrectly named as Capital One Bank) (hereinafter referred to as "Capital One"), hereby removes this action from the Broward County Circuit Court in the State of Florida to the United States District Court for the Southern District of Florida.  Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332 as well as federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Capital One hereby removes this action to this Court and in support states as follows:

## I.   BACKGROUND

1. On or about May 6, 2024, Thomas Heinrich ("Plaintiff") filed an "Amended Complaint" (the "Complaint") in the Broward County Circuit Court, Case No. CACE 23018106 (the "Action").

2. The Complaint purports to allege fourteen (14) causes of action against Capital One as follows: (1) gross negligence, (2) willful negligence, (3) declaratory relief, (4) injunctive relief, (5) breach of the covenant of dealing in good faith, (6) defamation, (7) extortion and attempted extortion, (8) conspiracy to commit extortion, (9) violation of consumer financial protection bureau, (10) violation of 15 U.S.C. 1681 et seq., (11) violation of Florida Statutes §§ 559.72, 507.08, 509.11, (12) intentional tort – willful intent to injure, (13) malice, and (14) damages. (Complaint, *passim*).

3. Capital One denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff is entitled to relief of any kind. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

4. True, correct, and redacted copies of all process, pleadings, and orders served in the Action, including the Complaint, are collectively attached hereto as **Exhibit A**.

5. Capital One has not yet been properly served, however, it did receive a copy of the Complaint and Summons on May 10, 2024, and is removing the Action within 30 days of receipt of the Complaint.

6. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

171669241

7. This Court has original diversity jurisdiction because the matter in controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. 1332(a).

### i. **Complete Diversity Exists**

8. The statutory requirement of diversity set forth in 28 U.S.C. § 1332(a)(1)-(4) is met if there is "complete diversity." *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).

9. Complete diversity exists when there is "diversity between all named plaintiffs and all named defendants . . ." *Id*.

10. Notably, "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . .the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

11. Additionally, an action being removed based on diversity jurisdiction may be removed so long as "no defendant is a citizen of the forum State." *Lincoln Property Co.,* 546 U.S. at 84; see also 28 U.S.C. § 1441(b)(2).

12. For purposes of original diversity jurisdiction and removal jurisdiction, "a corporation shall be deemed a citizen of every State . . . by which it is incorporated and of the State . . . where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

13. Capital One Financial Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business located in McLean, Virginia.

14. Capital One, N.A. is a wholly owned subsidiary of Capital One Financial Corporation organized under the laws of the state of Delaware with its principal place of business

located in McLean, Virginia. Thus, Capital One is a citizen of Delaware and Virginia. Capital One is not a citizen of the forum State, Florida.

15. Defendant Experian ("Experian") is a California corporation with a principal place of business in Costa Mesa, California. Thus, Experian is a citizen of California. Experian is not a citizen of the forum State, Florida.

16. Defendant TransUnion ("TransUnion") is a corporation organized under the laws of the state of Delaware with its principal place of business in Chicago, Illinois. Thus, TransUnion is a citizen of Delaware and Illinois. TransUnion is not a citizen of the forum State, Florida.

17. Plaintiff is a citizen of Florida because he is a natural person residing in Florida. Compl. ¶ 1.

18. The complete diversity requirement is satisfied because Plaintiff is a citizen of the State of Florida and the named Defendants, Capital One, Experian and TransUnion, are citizens of the States of Delaware, California, Illinois and Virginia.

### ii. Amount in Controversy is Satisfied

19. "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90, 135 S. Ct. 547, 554, 190 L.Ed.2d 495 (2014).

20. The amount in controversy requirement is satisfied in the present case because in his Complaint Plaintiff seeks a "[j]udgment in an amount adequate to fully compensate Plaintiff for any and all harm, injury, financial loss and loss of economic opportunity and future income

4

…" (Compl., "WHEREFORE" clause following Paragraph 86).  The Plaintiff has indicated he seeks lost income totaling between $350,000 and $4,5000,000.  (Compl., ¶¶ 7, 12 and 74).

21. Plaintiff also seeks $60,000 in actual damages, for alleged ongoing violations of the Fair Credit Reporting act.  (Compl., ¶ 27).

22. Therefore, without conceding the availability of any particular remedy or category of damages, this action involves citizens of different States, and the amount in controversy far exceeds $75,000. Accordingly, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### III.    FEDERAL QUESTION JURISDICTION

23. In addition to diversity jurisdiction, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

24. The Complaint purports to implicate a federal statute, the Fair Credit Reporting Act (5 U.S.C. § 1681) (Compl. ¶ 79). Specifically, Plaintiff claims he was harmed by one or all Defendants' "reporting false and inaccurate information and disseminating derogatory statements." (Compl. ¶ 7.)

25. Therefore, federal question jurisdiction exists over this action because Plaintiff's allegations involve questions that will require resolution of significant, disputed issues arising under federal law.

26. Accordingly, this case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges facts constituting a violation of, and requires a ruling on, the FCRA.

## IV. **VENUE**

27. Venue is proper in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 90(c)(1), because this district and division encompass the Broward County Circuit Court in the State of Florida, the forum from which the case has been removed.

## IV. **NOTICE**

28. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, attaching this Notice of Removal, is being filed contemporaneously with the Clerk of the Broward County Circuit Court, Florida, a copy of which is attached hereto as **Exhibit B**.

29. Upon information and belief, the pleadings attached hereto as **Exhibit A** represent all the pleadings served in this action in the state court.

30. This Notice of Removal is being served on the adverse party as required by 28 U.S.C. § 1446(d).

31. Capital One also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal this action, Capital One expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, Capital One, N.A. hereby removes this action from the from the Broward County Circuit Court in the State of Florida to the United States District Court for the Southern District of Florida, and requests such other and further relief as the Court deems appropriate and just.

This 5th day of June 2024.

171669241

By: /s/ *Gillian D. Williston*
    Of Counsel

Gillian D. Williston (Florida Bar No: 14270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757-687-7500
Facsimile:  757-687-7510
Primary email:  gillian.williston@troutman.com
Secondary email: fslecfintake@troutman.com

*Counsel for Defendant Capital One, N.A.*

7

171669241

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day June, 2024, this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system:

I also certify that I served the foregoing by U.S. Mail, postage prepaid, and electronic mail to the following address:

Thomas Heinrich
140 Cypress Club Dr #405
Pompano Beach, FL 33060
Telephone: (954) 781-9300
E-Mail: reachth@yahoo.com
*Pro se Plaintiff*

/s/ Gillian D. Williston
Gillian D. Williston (Florida Bar No: 14270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:    757-687-7500
Facsimile:    757-687-7510
Primary email: gillian.williston@troutman.com
Secondary email: fslecfintake@troutman.com

*Counsel for Defendant Capital One, N.A.*